By the Court—Bosworth, Ch. J.
The Beferee has found most of the material facts alleged in the complaint, to be as therein stated. They cannot be disturbed as being contrary to the evidence, His findings do not determine in terms, the truth or falsity of some few of such facts.
The complaint alleges the defendants to be owners of the vessel. The Beferee finds that they held the legal title, but as security only, and that they were mortgagees in possession of the vessel and cargo, and that the plaintiff as master, by their direction, purchased with the proceeds of the cargo of the outward voyage, an intermediate cargo; that the defendants received the proceeds of such part of it as was sold, and collected all the freight earned by the vessel on the voyage in question. They therefore held the legal title, and had control of the voyage and were owners of the vessel, pro hac vice.
The complaint alleges that the defendants hired the plaintiff to go as master of the vessel for the voyage, and that he went as master under such hiring. This is denied by the answer.
The Beferee does not in terms state how he determined these allegations of fact. There was direct and positive testimony in relation to the question of an actual hiring of the plaintiff by the defendants.
The Beferee finds, that after the defendants became mortgagees in possession, the plaintiff continued in charge of the vessel with their assent and was treated by them as master; that he accounted to the defendants as mortgagees in possession, purchased by their direction an'intermediate cargo, that they sold the vessel after her return and received the purchase money, as well as collected all the freight for the voyage, paid the expenses of the vessel on the voyage, including the wages of the crew, and paid the plaintiff after his return, on account of the services rendered by him as such master, the sum of $200; that the master’s services were reasonably worth, $1,420.82; “ that there is due to the said plaintiff by the said defendants,” the sum of $1,262.75, with interest from April 11, 1856, amounting *212 in all to $1,667.86. All these matters are found as matters of fact.
In order to have found, as a fact, that the defendants owed the plaintiff, for his services as such master, the $1,262.75, and interest, he must necessarily be deemed to have found adversely to the allegations in the answer that E. Bichardson & Co., the mortgagors, employed the master, and that the defendants acted in the business of said vessel and her cargo, and her freight, solely as the agent of the said firm.
According to the decision of the Court of Appeals in Grant v. Morse et al., (22 N. Y. R., 323,) and in the language of the opinion in that case, “as the Beferee did not draw any such conclusion,” (as is consistent with the truth of these allegations,) “it is not for the Court to draw it for him.” * * “The party appealing must make his case and have it settled, with such a statement of facts, as will show necessarily, that the law is in his favor. If he does not, every intendment not absolutely unreasonable .in itself, will be against him.” * * * “The Beferee’s general conclusion that the plaintiff was entitled to the judgment recovered, implies that he had a different view of the evidence; ” (that is a view adverse to the defeated party,) “because we are not to presume that he erred in the law.”
When it does not appear, by the terms of the report, or by the case, that the Beferee has refused or was requested to report more precisely than he has done, in respect to :any material allegations embraced within the issue, the Court is left to infer that the general conclusion of the Beferee, as contained in his report, did involve a finding by him, although not in terms expressed, upon every material allegation ,• and the intendment must be, (nothing in the case indicating the contrary,) that he found in favor of the party whom he held entitled to recover.
Upon the facts stated in the report of the Beferee, nothing •being proved to impair their legal force and effect, the .plaintiff would be entitled to a peremptory instruction .that he was entitled to a verdict. (4 Hill, 177 ; 6 id., 218.)
*213 And if the report had, in terms, found the truth of the allegation in the complaint of an actual hiring of the plaintiff by the defendants, the Court could not have set it aside as contrary to the evidence.
There is a direct conflict between the witnesses testifying in respect to this matter. But the fact of actual hiring was sworn to, explicitly—what the truth was, was purely a question of fact. Its determination falls within the province of a jury; and in this case devolved upon the Referee, the substitute for a jury agreed upon by the parties. It must be intended that the Referee found it in favor of the plaintiffs.
Our attention is not directed by the appellant’s points to any exception taken during the trial, nor was there any called to our attention upon the argument.
The judgment should be affirmed.
Ordered accordingly.